64 F.3d 662
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Washshukru AL-JABBAR A'LA, Plaintiff-Appellant,
v.
M. C. HAMBY; Jackiee Rather, Inmate Relations Coordinator;
Doug Cook; Brian Sanderson; Donald Daugherty, Jr.; Jeffrey
L. Shannon; David L. Nation; Robert Phillips; Jerry Beene,
Correctional Officers, Defendants-Appellees.
 No. 94-6198.
 United States Court of Appeals, Sixth Circuit.
 Aug. 10, 1995.
 
 Before: LIVELY, MARTIN and SUHRHEINRICH, Circuit Judges.
 
 ORDER
 
 1
 Washshukru Al-Jabbar a'la appeals a district court order granting in part and denying in part his claims presented in a civil rights action filed pursuant to 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R. App. P. 34(a).
 
 
 2
 Seeking monetary, declaratory and injunctive relief, Al-Jabbar sued numerous Tennessee correctional personnel in their individual and official capacities. Al-Jabbar alleged that: (1) the defendants interfered with his right of access to the courts; (2) the defendants violated his substantive due process rights by filing retaliatory grievances against him; (3) the defendants destroyed complaints that Al-Jabbar prepared for the prison grievance system; (4) the defendants denied him clean clothes and use of showers for a two week period; and (5) the defendants improperly sentenced him to disciplinary segregation for threatening an employee. The district court determined that the defendants violated Al-Jabbar's First Amendment rights by disciplining him for threatening an employee and ordered this disciplinary conviction expunged from his prison record; the court also determined that Al-Jabbar suffered no injury as a result of the conviction and declined to award him monetary relief on this claim. As to Al-Jabbar's remaining claims, the district court concluded that the defendants were entitled to summary judgment and dismissed the case. Al-Jabbar has filed a timely appeal.
 
 
 3
 Upon review, we conclude that the district court properly granted summary judgment to the defendants because there was no genuine issue of material fact and the defendants were entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); see Pierce v. Commonwealth Life Ins. Co., 40 F.3d 796, 800 (6th Cir. 1994). As to Al-Jabbar's claim that the defendants violated his First Amendment rights by disciplining him for threatening an employee, the defendants do not challenge the district court's conclusion that they violated the First Amendment. While granting injunctive relief for this claim, the district court determined that Al-Jabbar suffered no actual damages and declined to award monetary relief. Al-Jabbar argues that he suffered mental and emotional distress as a result of the defendants' unconstitutional conduct. However, his claims are unsubstantiated and unproven and, consequently, insufficient to support a claim for compensatory and punitive damages. See Franklin v. Aycock, 795 F.2d 1253, 1264 (6th Cir. 1986). As the district court concluded that the defendants did violate the plaintiff's constitutional rights, however, he is entitled to recover nominal damages of not more than one dollar. Id.
 
 
 4
 Accordingly, we affirm the district court's order in part and vacate in part and the case is remanded for an award of nominal damages of one dollar to Al-Jabbar. Rule 9(b)(3), Rules of the Sixth Circuit.